10/8/2019 4:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37490570
By: Nelson Cuero
Filed: 10/8/2019 4:34 PM

*2019-74102 / Court: 295*

CAUSE NO. ,_____

| | | |
|---|---|---|
| SHIRLEY PRICE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| PALOMAR SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, Shirley Price, files this original petition against defendant, Palomar Specialty Insurance Company (hereinafter referred to as "Palomar"), and alleges as follows:

#### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

#### B. RELIEF

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

#### C. PARTIES

3. Plaintiff, Shirley Price, is an individual, a resident of Harris County.

4. Defendant, Palomar Specialty Insurance Company, is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Page 1 of 14

EXHIBIT 2

### D. JURISDICTION

5. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

6. Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. CONDITIONS PRECEDENT

7. All conditions precedent to recovery have been performed, waived, or have occurred. Pursuant to TEXAS INSURANCE CODE § 542A.003(d)(1), if the claimant has a reasonable basis for believing that there is insufficient time to give the required presuit notice before the limitations period will expire, then a presuit notice is impracticable and therefore not required. Claimant believes that claimant has insufficient time to give the statutorily required presuit notice before the applicable limitations period expires and therefore has filed suit prior to the expiration of sixty (60) days from Palomar's receipt of the presuit notice.

### G. FACTS

8. Plaintiff is the owner of a homeowner insurance policy, policy number PIC000009618-1, issued by the defendant (hereinafter referred to as the "policy").

9. Plaintiff owns the insured property that is specifically located at 2806 Isabella St., Houston, Texas 77004 (hereinafter referred to as the "property").

10. Defendant or its agent sold the policy, insuring the property, to plaintiff.

11. On or about August 27, 2017, plaintiff's property sustained windstorm damage. Plaintiff submitted a claim to Palomar against the policy for damage caused to the property as a result of the wind. Plaintiff asked Palomar to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Palomar assigned claim number PSI-98687 to plaintiff's claim.

12. On or about September 10, 2017, Eric Bishop ("Bishop"), on behalf of Palomar, inspected the property in question. The storm caused significant damage to the roofs of the dwelling and guest house, including pitting, tearing and loss of granules to the shingles. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion. The wind lifted and loosened the nails that previously fastened the shingles to the sheathing. Water penetrated the newly created openings and damaged the plywood sheathing.

13. Bishop's unreasonable investigation of the claim included a failure to comply with Palomar's policies and procedures concerning roof inspections and when to replace or repair a roof. The roofs required full replacement under Palomar's policies and procedures including repairs to the roof jacks, drip edges, and other structural parts of the roofs. Bishop performed an unreasonable investigation by failing to document all of the damage to the roofs. Bishop did not conduct a thorough roof inspection and did not allow for the cost to remove and replace the roofs. As a result of Bishop's unreasonable and brief investigation, the insured was wrongly denied the full cost to replace the roofs.

14. The storm additionally caused extensive damage to the exterior of the guest house. Specifically, it caused damage to the siding. Bishop did not conduct a thorough exterior

inspection and failed to allocate any cost to the repair of this exterior item. As a result of Bishop's unreasonable exterior investigation, the insured was wrongly denied the full cost to repair all of the exterior damage.

15. Bishop performed an insufficient and unreasonable interior investigation of the property. Water intrusion from the roof caused extensive damage to the walls, insulation and ceilings of the bedroom and guest house. The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, wood floor replacement, and content removal. Bishop did not conduct a thorough interior inspection and did not make sufficient allowances for interior damages. As a result of Bishop's unreasonable investigation, the insured was wrongly denied the full cost to repair all of the interior damage.

16. Bishop failed to document any damage to the dwelling and guest house roofs. As a result, Bishop missed significant interior damages to the insured's home. Bishop conducted an insufficient inspection and prematurely closed the insured's claim. At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by Palomar.

17. Palomar failed to properly adjust the claim and Palomar has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insured. Furthermore, Palomar underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

18. To date, Palomar continues to delay in the payment for the damages to the property. As such, the insured's claim(s) still remain unpaid and the insured still has not been able to properly repair the property.

19. Palomar employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of Palomar's promise to pay. Palomar's claims system consists of, in part, the following:

    a. Claims adjusting policies and procedures;

    b. Claims handling procedures and materials and claim files to track customer claims;

    c. Claim files containing documentation relating to:

        (1) the investigation of Insured's claim;

        (2) the evaluation of coverage, liability and damages;

        (3) negotiation or alternative dispute resolution (ADR) to achieve settlement; and

        (4) litigation management.

    d. Claims underwriting procedures, files and reports that relate to:

        (1) the condition of the risk at the time of underwriting and during the investigation of the claim;

        (2) information provided by Palomar's claims representatives to underwriting department about the condition of the risk;

        (3) information related to Palomar's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

    (4)    loss control measures instituted by Palomar's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

    (5)    on-site inspections conducted by Palomar's loss control personnel to provide underwriters with a thorough assessment of the risk.

    e.    Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

    f.    Palomar's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

20. Palomar failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling the insureds' claim.

21. In addition, Palomar failed to properly assess the condition of the risk during the underwriting process and during the policy period and Palomar failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. Palomar's improper underwriting actions negatively impacted the amount of funds available for a fair payment of Insureds' claim and provided Palomar with a motive to underpay and/or wrongly deny Insureds' claim.

22. Palomar failed to properly qualify, train and supervise its employees and agents to whom Palomar entrusted the handling of various portions of Insureds' claim. The identity of these agents and employees include, but are not limited to Eric Bishop.

23. Palomar, its agents and employees failed to follow procedures and properly execute their duties as promulgated in Palomar's system of administering and handling the insureds'

claim. Palomar's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in Palomar's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Palomar's denial to Insureds of the full protection and benefits of these laws and the policy benefits to which Insureds were entitled.

### H. COUNT 1 - BAD FAITH

24. Plaintiff is an insured under an insurance contract issued by Palomar, which gave rise to a duty of good faith and fair dealing.

25. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

26. Following its initial inspection conducted on September 2017, Palomar possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Palomar failed to provide coverage for all of the covered damage, including the damage that Bishop discovered during his second inspection and the damage that plaintiff's inspector discovered during his inspection. Although Palomar designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Palomar failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

27. In addition, Palomar thereafter refused to cover plaintiff's claim for statutory interest and attorney fees, although Palomar knew or should have known its liability under the policy was reasonably clear.

28. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

   a. mental anguish damages; and

   b. loss of policy benefits.

29. <u>Exemplary damages.</u> Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### I. COUNT 2 - BREACH OF CONTRACT

30. In addition to other counts, Palomar breached its contract with plaintiff.

31. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

32. Plaintiff fully performed plaintiff's contractual obligations.

33. Palomar breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Palomar failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

34. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

35. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's' claim to Palomar. Palomar did not tender the amount owed within 30 days of when the claim was presented.

### J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

36. Defendant Palomar failed to explain to plaintiff the reasons for Palomar's offer of an inadequate settlement. Palomar failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Palomar did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

37. Palomar failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection of the full and entire claim in writing from Palomar.

38. Palomar refused to fully compensate plaintiff under the terms of the policy, even though Palomar failed to conduct a reasonable investigation. Palomar performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

39. Palomar failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

40. Palomar failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Palomar failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

42. Defendant's acts or practices violated:

   a. Texas Insurance Code chapter 541, subchapter B.

   (1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

   (2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

   (3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

   (4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

   (5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

   (6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

   (7) Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

   b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

43. Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

44. Plaintiff seeks damages within the jurisdictional limits of this Court.

45. <u>Additional damages.</u> Defendants acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

46. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

47. Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

48. Defendant Palomar is a corporation.

49. Plaintiff suffered a loss covered by the policy and gave proper notice to Palomar of plaintiff's claim.

50. Palomar is liable for the claim and had a duty to pay the claim in a timely manner.

51. Palomar did not issue a payment to plaintiff.

52. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

    a.    acknowledging the claim;

    b.    investigating the claim;

    c.    requesting information about the claim;

    d.    paying the claim after wrongfully rejecting it; and

    e.    paying the claim after accepting it.

53. Palomar's breach of duty caused injury to plaintiff, which resulted in the following damages:

    a.    mental anguish damages;

    b.    policy proceeds;

    c.    prejudgment interest

54. <u>Statutory damages.</u> Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

55. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

### L. Jury Demand

56. Plaintiff respectfully requests a trial by jury.

### M. Conditions Precedent

57. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

### N. Request for Disclosure

58. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### O. PRAYER

59. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

    a.    Actual damages.

    b.    Statutory damages.

    c.    Consequential damages.

    d.    Prejudgment and postjudgment interest.

    e.    Court costs.

    f.    Attorney fees.

    g.    All other relief to which plaintiff is entitled.

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

/s/Danny Ray Scott
_____
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

Mickey L. Washington
WASHINGTON & ASSOCIATES, PLLC
2019 Wichita Street
Houston, Texas 77004
Telephone: (713) 225-1838

Facsimile: (713) 225-1866
mw@mickeywashington.com

*Attorneys for Plaintiff*